TRISTRAM SCAMMAN *versus* THOMAS HUFF & *als.*

If it does not affirmatively appear from the justices' certificate of discharge of a poor debtor, or from the proofs in the case, that the justices were "disinterested," the certificate will not defeat an action on the bond. DAVIS, J., *dissenting.*

If seasonably moved for, the Court will allow an amendment of the certificate.

ON REPORT.

This was an action of DEBT, on a poor debtor's bond.

*E. R. Wiggin,* for the plaintiff.

*Tapley,* for the defendants.

The opinion of the Court was drawn up by

APPLETON, C. J.—By R. S., 1841, c. 148, § 24, and by R. S., 1857, c. 113, § 25, the examination of a poor debtor is required to be "before two disinterested justices of the peace and quorum of the county." According to the form

Scamman *v.* Huff.

of the certificate prescribed by § 31 of each of the Acts, the fact of the disinterestedness of the magistrates by whom the oath is administered, should appear on the face thereof. " We, the subscribers, two disinterested justices of the peace and quorum," is the language ordained by the Legislature. But the form prescribed is not followed.

It is neither shown by proof, nor by the certificate of the magistrates, that they were disinterested. That should affirmatively appear. In levies of executions the statute requires that the appraisers should be disinterested. If that be not shown by the return of the officer making the levy, it is void, *Russ* v. *Gilman*, 6 Greenl. 106; *Pierce* v. *Strickland*, 26 Maine, 277. So here, the records of the magistrates should show all the facts authorizing their official action. At any rate, their capacity to act should in some way be shown. It has not been done. There is no presumption in favor of the jursdiction of inferior magistrates, and, as there is no proof on the subject, we are not authorized to infer the performance of the conditions of the bond.

If, as was probably the case, the magistrates were disinterested, their record or certificate might, perhaps, have been amended in conformity with the truth, but no motion to that effect has been made.

*Defendants defaulted, to be heard in damages.*

RICE, KENT, WALTON and DICKERSON, JJ., concurred.

DAVIS, J. — An *appraisal* upon the levy of an execution, is not a *judicial* proceeding.

The *certificate* of the justices, upon a poor debtor's disclosure, is no part of the record. It is a paper given to the *debtor*, merely for his benefit. If *that* is insufficient, it does not follow that the *proceedings* were not correct, and according to the statute, and the bond.

Though required by statute, it is no more necessary for the justices to be *disinterested* in such a case, than in any other judicial proceeding. *Pearce* v. *Atwood*, 13 Mass., 324. But the fact that they are disinterested is not *put into*

*the record* in every case, in all inferior courts. If that is to be held necessary, then very few judgments of such courts can stand. If nothing is presumed *in favor* of the jurisdiction of such courts, nothing ought to be presumed *against it*. The record should show that the *case*, and the *parties*, were within the jurisdiction conferred by statute. But, when the record shows no such *want* of jurisdiction, an *extrinsic matter*, that would have had to be specially pleaded, presenting an issue of *fact*, ought not to be presumed, without proof. In other words, when any one would invalidate the judgment of an inferior court on the ground of *interest*, the burden of proof is upon him.